﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200312-73900
DATE: July 31, 2020

REMANDED

Entitlement to service connection for an abnormal liver to include as due to exposure to hazardous waste, contaminants, and radiation exposure is remanded.

Entitlement to service connection for kidney disease to include as due to exposure to hazardous waste, contaminants, and radiation exposure is remanded.

Entitlement to service connection for tubulovillous and tubular adenomas (claimed as colon mass) to include as due to exposure to hazardous waste, contaminants, and radiation exposure is remanded.

REASONS FOR REMAND

The Veteran served in active duty service with the Army from October 1966 to September 1968.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

A July 2019 rating decision denied service connection for an abnormal liver, kidney disease, and colon mass. The Veteran submitted a July 2019 supplemental claim for the above issues. An August 2019 rating decision denied service connection for abnormal liver, kidney disease, and colon mass 

The Veteran in September 2019 requested a higher-level review. A December 2019 rating decision noted the September 2019 request for higher-level review and continued the previous denial of service connection for abnormal liver, kidney disease, and colon mass. The Veteran timely appealed the December 2019 rating decision on appeal to the Board by submitting a timely “Decision Review Request: Board Appeal (Notice of Disagreement)” form (VA Form 10182) in March 2020 and requested the option of evidence review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Accordingly, the Board will consider the evidence of record as of the date of the December 2019 decision and evidence submitted within 90 days of the March 2020 VA form 10182 submission.

The Board notes that several favorable findings were made with the July 2019, August 2019 and December 2019 rating decisions. The July 2019 rating decision found that a May 2019 medical treatment record showed findings of an abnormal liver test, chronic kidney disease due to diabetes mellitus, and colonic mass.

The August 2019 and December 2019 rating decisions found that a March 2019 medical treatment showed a current disability for kidney disease, and a May 2019 medical treatment record showed a biopsy result showing tubulovillous and tubular adenomas. As such, the Board is bound by these favorable findings.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C. § 7107(a)(2).

The Veteran has asserted that his abnormal liver, kidney disease and colon mass are related to his active duty service to include exposure to hazardous waste, contaminants, and radiation exposure.

The Board finds that remand is warranted for further development before adjudication of the Veteran’s appeal.

The Veteran has submitted statements that he was exposed to hazardous waste while stationed at Fort Ord in California to include falling into a pool of hazardous waste that deteriorated his pants and required hospitalization for a number of days. The Veteran in September 2018 also submitted an article discussing hazardous waste and contaminants at Fort Ord.

The Veteran also stated that he was exposed to radiation while stationed in Fulda, Germany. The Veteran in August 2018 stated that he worked on radioactive equipment with little to no protection. In June 2019, the Veteran stated that he taught English in a classroom located less than 100 feet to a “Top Secret, gated and guarded site where radioactive munitions were stored.”

Review of the claims record does not show that the Regional Office (RO) made a specific request for service records that may verify the Veteran’s exposure to radiation in service as contemplated by 38 C.F.R. § § 3.311.

Review of the claims record also does not show that any VA examinations were held regarding the nature and etiology of the Veteran’s claimed abnormal liver, kidney disease and colon mass in relation to the Veteran’s active duty service to include as due to hazardous waste, contaminants, and radiation exposure. Given that the Veteran has submitted a statement from a doctor indicating that such exposure can adversely impact his health, the Board finds that the low threshold for obtaining a medical opinion is met.

Accordingly, the Board finds there is pre-decisional duty to assist error as there is no development to verify and corroborate the Veteran’s assertions of exposure to radiation; and no examinations or opinions to address the nature and etiology of the Veteran’s claimed disabilities for abnormal liver, kidney disease and colon mass. When the Board identifies a pre-decisional duty to assist error, under Pub. L. No. 115-55, section 2(d)(2); 38 C.F.R. §§ 3.159 (c), 20.802(a), the Board must remand the appeal back to the AOJ with instructions to correct the error. 

The matters are REMANDED for the following action:

1. Contact the appropriate records repository to request copies of any additional service treatment and personnel records, to include any additional Record of Occupational Exposure to Ionizing Radiation (DD Form 1141). If the RO cannot locate such records, it must specifically document the attempts that were made to locate them and explain in writing why further attempts to locate or obtain any government records would be futile. The RO must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claims. The claimant must then be given an opportunity to respond.

2. If exposure to radiation is established, develop the appellant’s claim as necessary in accordance with the provisions of 38 C.F.R. § § 3.311. 

3. Schedule the Veteran for VA examinations to obtain an opinion to address the nature and etiology of the Veteran’s abnormal liver, kidney disease, and colon mass. The claims folder, and any relevant electronic records, should be reviewed by the VA examiner and the examiner should note such review. 

The examiner is asked to provide an opinion as to the following:

(a.) If the abnormal liver test rises to the level of a current disability, whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s abnormal liver is related to his active duty service, including due to hazardous waste, contaminants, and radiation exposure. 

(b.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s kidney disease is related to his active duty service, including due to hazardous waste, contaminants, and radiation exposure.

(c.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s colon mass is related to his active duty service, including due to hazardous waste, contaminants, and radiation exposure.

(d.) In making this determination, the examiner should discuss the appellant’s statements and testimony. The examiner should address the submitted article regarding hazardous waste at Fort Ord, California. The examiner should address whether the Veteran’s claimed disabilities are related to or caused by radiation exposure if there is evidence or determination of in-service radiation exposure.

(e.) The examiner is also advised that the Veteran is competent to report the Veteran’s in-service events and treatment, and his symptoms and history, and such reports and assertions must be specifically acknowledged and considered in formulating any opinions. 

(f.) If the examiner rejects the Veteran’s reports, the examiner must provide a reason for doing so.

A complete rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so.

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Yang, Attorney-Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.